IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KATRINA E. GREGG,

Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION,

Defendant.

No. C 18-04211 WHA

**ORDER DENYING "MOTION TO WIN" AND DISMISSING AMENDED COMPLAINT**

This action was brought by *pro se* plaintiff Katrina Gregg against defendant U.S. Bank National Association. On July 18, 2018, defendant moved to dismiss all claims asserted in the complaint as failing to state a legally cognizable claim (Dkt. No. 8). Plaintiff did not respond. Defendant renoticed the motion to dismiss (Dkt. No. 14) and two separate orders required plaintiff to show cause (Dkt. Nos. 17, 19). Having still not heard from plaintiff the day before the scheduled hearing on September 27, 2018, an order issued granting defendant's motion to dismiss without a hearing (Dkt. No. 23).

Plaintiff then requested to re-open the case and re-set plaintiff's hearing because the previous orders to show cause had all been sent to an old address, even though that address had been provided by plaintiff (Dkt. No. 26). Simultaneously, plaintiff also filed a response to defendant's motion to dismiss with her new address (Dkt. No. 25). An order to re-open the case followed (Dkt. No. 28). The parties attended a hearing held on October 25, 2018.

At the hearing, the undersigned judge granted defendant's motion to dismiss with leave to amend contingent on certain specific guidelines, providing physical copies of the order to

1  both parties (Dkt. No. 34). The October 25 order was amended on October 26, 2018 to correct
2  a minor clerical error and a copy of the order was mailed to plaintiff's newly provided address
3  (Dkt. No. 36). Both the October 25 order and the amended order provided that "our court of
4  appeals has required that allegations of fraud include the who, what, when, where, and how of
5  the misconduct charged" (Dkt. No. 36 at 3) (citations and quotations omitted). Plaintiff timely
6  filed her amended complaint, subsuming it within a "motion to win" (Dkt. No. 38). Defendant
7  opposed (Dkt. No. 39). Neither party requested a hearing.

As best as can be discerned, at base, plaintiff's issue with defendant appears to stem from supposed fraud that occurred on plaintiff's bank account whereby defendant U.S. Bank purportedly neither protected plaintiff from the fraud nor informed plaintiff that the fraud occurred (Dkt. No. 38 at 5). Plaintiff, however, alleges few relevant facts in the amended complaint or her motion, alternating instead between providing conclusory and circumstantial facts (in rambling fashion), none of which arises to demonstrate a plausible claim (let alone the who, what, when, where, and how required in an action for fraud).

More specifically, the sole alleged facts are as follows: (1) on April 21, 2017, U.S. Bank erased information from plaintiff's checking account (*id.* at 1); (2) on April 21, 2017, plaintiff's car was stolen (*id.* at 2, 4); (3) at some point, U.S. Bank mailed a PIN number to plaintiff on an index card (*id.* at 1–2); (4) plaintiff's mobile banking shut down forcing plaintiff to change PIN numbers (*id.* at 2); (5) defendant U.S. Bank falsified a bank statement (*id.* at 2); (6) defendant U.S. Bank used the cycle of bank statements that begin on the 22nd of each month to cover up the falsified bank transactions (*id.* at 2–3); (7) the regular tellers at plaintiff's bank location are no longer at that location (*id.* at 4); (8) overdraft fees forced plaintiff to eventually close the account (*id.* at 5); (9) a fraudulent check was cashed (check #194) which defendant hid from plaintiff (*id.* at 4).

Many of the alleged facts do not show any wrong-doing by defendant U.S. Bank at all (such as the facts numbered as 2, 4, 6–8 above). Turning to the four remaining facts purportedly showing malfeasance by U.S. Bank, plaintiff relies on conclusory allegations and mere generalities accusing defendant of hiding, tampering with, or falsifying specific items on

"the full checking account" or on "bank statements." Although one alleged fact is specific (a fraudulent check — check #194), plaintiff disavows this fact as part of her action making clear that this action is not "for the fraud check of #194, but towards . . . discovery that on this day of 4-21-17 *all* was erased on purpose by the U S Bank for me to never find out" (*id*. at 1) (emphasis added). Plaintiff never specifically explains what she refers to by the "all" that was erased.

Plaintiff also alleges that defendant U.S. Bank violated privacy laws and a privacy agreement with plaintiff by mailing plaintiff her PIN number because that meant an "insider person" was able to monitor plaintiff's statement and history, rendering the account unsafe. Plaintiff specifically invokes the Gramm-Leach-Bliley Act ("GLBA") requiring financial institutions to protect the privacy and security of customers' nonpublic personal information. But neither mailing a PIN number nor having someone working for the bank that knows of plaintiff's account information even plausibly supports the notion that U.S. Bank made plaintiff's account information unsafe. Rather, both facts appear to be standard processes meant to ensure that the bank works efficiently to keep plaintiff's information minimally exposed.

The amended complaint and "motion to win" is left with no facts that articulate any plausible claim. In light of the extended chances accorded to plaintiff to sufficiently allege a plausible claim, and plaintiff's failure to allege any claim that is even remotely plausible, this action is hereby **DISMISSED**. The Court has been generous in letting plaintiff try to articulate a viable claim but is convinced no viable claim exists, so no further amendment will be allowed. This case in ready to go to the court of appeals, provided proper notices and procedures are followed. Judgement will be entered separately.

**IT IS SO ORDERED.**

Dated: December 27, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3